# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | NO. 09-304 |
| v. | : | |
| | : | CIVIL ACTION |
| JOSEPH S. FORTE | : | NO. 11-1395 |
| | : | |

DuBOIS, J.                                                                                                          JUNE 13, 2011

# M E M O R A N D U M

## I.    BACKGROUND

This case arises out of the operation by petitioner, Joseph S. Forte, of a "Ponzi" scheme for many years in which he used a limited partnership to defraud scores of victims of more than 34 million dollars. On May 5, 2009, petitioner was named in a four count Information charging him with wire fraud in violation of 18 U.S.C. § 1343 (Count One), mail fraud in violation of 18 U.S.C. § 1341 (Count Two), bank fraud in violation of 18 U.S.C. § 1344 (Count Three) and money laundering in violation of 18 U.S.C. § 1957 (Count Four). Petitioner pled guilty to the four count Information on June 5, 2009, under the terms of a plea agreement. The plea agreement contained an appellate waiver which was explained to petitioner at the Change of Plea Hearing on June 5, 2009.

Sentencing was held on November 24, 2009. At that time the Court determined that petitioner's advisory sentencing guideline range was 168 to 210 months. After a lengthy hearing including the testimony of a number of victims and some of petitioner's friends and family, the Court imposed a Guideline sentence of 180 months incarceration, five years of supervised release, and restitution of slightly more than 34.86 million dollars. At the conclusion of the sentencing petitioner was notified of his appellate rights.   Neither the petitioner nor the Government filed a direct appeal.

The Judgment in a Criminal Case was filed on November 27, 2009. It became final no later than December 11, 2009. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of . . . judgment . . . .").

Petitioner filed two documents on February 28, 2011: a Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 dated February 24, 2011, and a Motion for Extension of Time to File a Supporting Memorandum and Request for Discovery, also dated February 24, 2011. On March 15 ,2011, the Government filed a Motion to Dismiss Petition under 28 U.S.C. § 2255 on the ground that it is time-barred. On June 9, 2011, defendant filed a Motion to Expand the Record Pursuant to Rule 7. The Petition and those Motions, and the related submissions of the parties, will be addressed in this Memorandum.

## II. DISCUSSION

28 U.S.C. § 2255 provides a one year period of limitations for habeas corpus petitions. Pursuant to 28 U.S.C. § 2255f(1), the one year period runs from the date in which judgment of conviction became final. The limitation period begins to run from a later date only in circumstances not present in this case: where illegal Government action prevented petitioner from timely filing a petition, where the Supreme Court recognized a new right asserted by petitioner or where petitioner's claims were supported by new facts that could not have been discovered earlier through the exercise of due diligence. See 28 U.S.C. §§ 2255(f)(2), (3), and (4). Petitioner does not argue, nor is there any evidence, that any of the conditions which, in essence, toll the running of the one year limitations period is present in this case.

Nor does petitioner present any evidence which would warrant equitable tolling of the one year statutory time limit. Equitable tolling is intended to be utilized in the rare case in which

a petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights". Miller v. New Jersey Department of Corrections, 145 F. 3d 616, 618 (3d Cir.1998). Other courts have ruled that equitable tolling is appropriate only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court, 163 F. 3d 530, 541 (9th Cir. 1998).

In his Response to the Motion to Dismiss, petitioner argues that the Government's calculation of the deadline for plaintiff's filing of the § 2255 Petition "failes [sic] to take into account the 90 day period allowed for filing a petition for writ of certiorari with the Supreme Court." (Defendant's Reply to Government's Motion to Dismiss at 3). The short answer to petitioner's argument is that the 90 day period on which petitioner relies—the time for filing a petition for writ of certiorari after an adverse ruling from a Court of Appeals—is inapplicable to a case such as this one, in which no appeal is filed.

The Third Circuit addressed this question in Kapral v. United States, 166 F.3d 565 (1999). In that case the Court held that the date on which a conviction becomes "final" includes the expiration of the 90 day time period for filing a writ of certiorari only where the petitioner's conviction has been affirmed on appeal. The Court went on to state that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Id. at 577.

The cases cited by petitioner in support of his position are inapposite. The first case, United States v. Wall, 456 F.3d 316 (3d Cir. 2006), is inapplicable to this case because in Wall the petitioner appealed his conviction and then petitioned for re-hearing after it was affirmed. Id.

3

at 317.  The second case cited by petitioner, Nara v. Frank, 264 F.3d 310 (3d Cir. 2001), does not address the question of when a conviction becomes final.  The narrow holding on which petitioner appears to rely relates to the effect of an untimely petition for state collateral relief on the question of when a petition is deemed to be properly filed in federal court.  That ruling has no bearing on this case.

There is no doubt that in this case, petitioner's conviction and sentence became final no later than December 11, 2009.  His § 2255 Petition was not filed until February 28, 2011.  Petitioner had one year from the date his conviction became final to file his habeas petition under 28 U.S.C. § 2255(f)(1), and he failed to do so.  None of the grounds for extending that date, or tolling the statute of limitations, are applicable in this case.  Thus, petitioner's Petition under 28 U.S.C. § 2255 must be dismissed as time-barred.   In view of that ruling, the Court will not address the other grounds for dismissing and denying the habeas corpus petition advanced by the Government.

## III.     CONCLUSION

For all of the foregoing reasons, the habeas corpus Petition under 28 U.S.C. § 2255 filed by *pro se* petitioner, Joseph S. Forte, is dismissed as untimely, and Defendant's Motion for Extension of Time to File Memorandum in Support and Request for Discovery, and Defendant's Motion to Expand the Record Pursuant to Rule 7, are denied as moot.
.